MILLS, Judge.
Gazelle appeals from a final order granting summary judgment in favor of Winn-Dixie. We reverse.
Gazelle and his wife each obtained check-cashing cards from Winn-Dixie after filing applications which included their street address. While Gazelle was out of the country on military duty, ten checks were cashed at Winn-Dixie, all but one bearing the signature, “Mr. Gregory Gazelle.” No street address was printed on the checks and no address was taken by the store at the time it accepted the checks, although the number appearing on the check-cashing card was noted on some of them.
All of the checks were returned to Winn-Dixie for insufficient funds. Winn-Dixie mailed three notification letters to Gazelle at the address which appeared on his check-cashing card application. The third of these letters was sent certified mail, and informed Gazelle that he had seven days from receipt of the letter to make the checks good, or they would be turned over to the state attorney for criminal prosecution. No response was received, and the checks were turned over.
Gazelle was then arrested and incarcerated in the county jail on worthless check charges, which were later dropped. He sued Winn-Dixie for malicious prosecution, false arrest and negligence. Winn-Dixie moved for summary judgment, alleging that, because the third letter to Gazelle conformed to the notice requirements of Section 832.07(l)(a), Florida Statutes (1981), it was immune from civil liability. The trial court granted the motion.
Section 832.07(l)(a) provides that the issuance of a check which is returned for insufficient funds is prima facie evidence of intent to defraud unless the issuer pays the amount of the check plus a service charge to the holder within seven days of receiving notice that the check was not paid. The statute sets forth the form of the notice and states, in the passage relied on by Winn-Dixie below, that “[a]ny party holding a worthless check and giving notice in a substantially similar form to that provided above shall be immune from civil liability for the giving of such notice and for proceeding under the forms of such notice.” Based on its third letter to Gazelle, Winn-Dixie argues that this provision operates to bar his suit against it.
We cannot agree. The statute clearly provides that, for immunity to attach, notice must be given in a form “substantially similar” to that which it sets forth. Along with the foregoing provisions, the statute states that “[njotice mailed by certified or registered mail, evidenced by return receipt, to the address printed on the check or given at the time of issuance shall be deemed sufficient and equivalent to notice having been received,” whether the notice is delivered or not. While Winn-Dixie’s method of mailing and the wording of its notice clearly conform to statutory requirements, it acknowledges that the notice was not sent to either of the statutorily prescribed addresses.
Winn-Dixie argues that its placement of the check-cashing card number on the checks is the equivalent of obtaining an address at issuance, because the number incorporates by reference the address given on the card application form. As authority for this contention, it refers us to Section 832.07(2)(c) which, for the purposes of proving the identity of the issuer, allows the recipient of the check to use the number instead of writing out such information as name, address, phone number, etc.
We find that because the provisions of subsection (2) deal with permissible methods of proving identity, and subsection (1) deals specifically with notice, the provisions of (2) do not control. In subsection (1), the legislature was clearly concerned that before intent to defraud is presumed, the issuer of a bad check be given notice that his check was dishonored and an opportunity to make it good. Actual receipt of notice is not necessary only when the holder mails it in a specific way to an *712 address obtained in either of two specific ways. This language is clear and unequivocal, and we cannot go outside it in search of a different meaning. Vocelle v. Knight Bros. Paper Co., 118 So.2d 664 (Fla. 1st DCA 1960).
Therefore, because the notice given by Winn-Dixie does not substantially comply with Section 832.07(l)(a), the immunity provided by that statute does not attach and the trial court erred in granting summary judgment on that ground.
Reversed.
SMITH, J., concurs.
THOMPSON, J., dissents with written opinion.